UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
WILLIAM M. BAKER, )
LAURENCE D. COHEN, ) 04 12444 DPW
FRANK D. EDWARDS, )
CURTIS W. HOWES and )
MARK A. TATKOW, )
)
Defendants. )

**CONSENT TO FINAL JUDGMENT OF
PERMANENT INJUNCTION, DISGORGEMENT AND OTHER RELIEF
BY DEFENDANT MARK A. TATKOW**

1. Defendant Mark A. Tatkow acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which he admits), Tatkow hereby consents to the entry of the Final Judgment in the form attached hereto and incorporated by reference herein (the "Final Judgment"), which, among other things:

    (a) permanently restrains and enjoins him from violation of Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(5) of the Exchange Act [15 U.S.C. §78j(b),

Initials: _____

78m(a), 78m(b)(2)(A), 78m(b)(5)] and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-1 and 13b2-2 thereunder [17 C.F.R. §240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1, 240.13b2-2];

(b)  orders him to pay disgorgement of profits gained as a result of the conduct alleged in the Complaint in the amount of $10,000; and

(c)  requires him to pay a civil monetary penalty of $65,000 pursuant to Section 21A of the Exchange Act [15 U.S.C. §78u-1].

3.  Tatkow agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Tatkow further agrees that he shall not claim, assert or apply for a tax deduction or tax credit with regard to any federal, state or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.  Tatkow waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.  Tatkow waives the right, if any, to appeal from the entry of the Final Judgment.

6.  Tatkow enters into this Consent voluntarily and represents that no threats, offers, promises or inducements of any kind have been made by the Commission or any member,

Initials: _____

officer, employee, agent or representative of the Commission to induce him to enter into this Consent.

7. Tatkow agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Tatkow will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Tatkow waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions. Tatkow further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. §202.5(f), this Consent resolves only the claims asserted against Tatkow in this civil proceeding. Tatkow acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Tatkow waives any claim of double jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Tatkow further acknowledges that the Court's entry of a permanent injunction against him may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not

Initials: _____

limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Tatkow understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Tatkow understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings" [17 C.F.R. §202.5(e)]. In compliance with this policy, Tatkow agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, he hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Tatkow breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects Tatkow's: (i) testimonial obligations; or (ii) right to take legal positions in litigation in which the Commission is not a party.

12. Tatkow hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses or costs expended by him to defend against this action. For these purposes, Tatkow agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

Initials: _[handwritten]_

13. Tatkow agrees that, upon receipt of a subpoena and reasonable prior notice, he will provide discovery and/or testify at any judicial or administrative proceeding related to the allegations in the Complaint or any continuing litigation or proceedings based thereon.

14. Tatkow agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Tatkow agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

_____
**MARK A. TATKOW**

On this 27th day of August, 2004, Mark A. Tatkow, being known to me, personally appeared before me and did duly acknowledge to me that he executed the foregoing Consent.

_____
Notary Public
My Commission Expires: 1/24/08