SCANNED
DATE: 12-3-04
BY: CMK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff,  )  04 12444 DPW
)
v.  )  Civil Action No.
)
WILLIAM M. BAKER, )
LAURENCE D. COHEN, )
FRANK D. EDWARDS, )
CURTIS W. HOWES and )
MARK A. TATKOW, )
)
Defendants.  )

**FINAL JUDGMENT OF PERMANENT INJUNCTION
AND OTHER RELIEF
AS TO DEFENDANT FRANK D. EDWARDS**

Defendant Frank D. Edwards having: (i) executed the Consent to Final Judgment of Permanent Injunction and Other Relief by Defendant Frank D. Edwards ("Consent") which is attached hereto and hereby incorporated by reference; (ii) entered a general appearance; (iii) consented to the Court's jurisdiction over himself and over the subject matter of this action; (iv) consented to entry of this Final Judgment of Permanent Injunction and Other Relief as to Defendant Frank D. Edwards ("Final Judgment") without admitting or denying the allegations of the Complaint; (v) waived findings of fact and conclusions of law; and (vi) waived any right to appeal from this Final Judgment and any basis for objecting to enforcement of the Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Edwards and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Edwards and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. §240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account or by, directly or indirectly, falsifying or causing to be falsified any book, record or account of an issuer which has a class of

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)].

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Edwards and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by allowing any issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l] to fail to file, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate, such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports and quarterly reports as the Commission may prescribe, including but not limited to, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], such material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Edwards and his agents, servants, employees, attorneys, and those persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§78m(b)(2)(A) and (b)(2)(B)] by allowing an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l], directly or indirectly, to fail to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer or to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that the issuer's transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Edwards and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. §240.13b2-2] by directly or indirectly, making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, a material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (i) an audit or examination of the financial statements of an issuer required to be made or (ii) the preparation or filing of a document or report required to be filed with the Commission.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], Edwards shall pay a civil penalty in the amount of $75,000. Edwards shall make this payment within thirty (30) days after entry of this Final Judgment. The payment shall be made by money order, certified check or cashier's check made payable to the U.S. Securities and Exchange Commission. The payment shall be mailed to the Comptroller, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 1-3, Washington, DC 20549, with a cover letter identifying Edwards, the name and number of this action, and the name of this Court, and copies of the payment and cover letter shall be mailed to Frank C. Huntington, Securities and Exchange Commission, 73 Tremont Street, Suite 600, Boston, MA 02108.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], Edwards is barred for a period of five years from acting as an officer or director of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)].

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Edwards as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, the Court finding no just reason for delay, the entry of this Judgment shall constitute a final judgment as to all of the Commission's claims against Edwards in this action, and the Clerk of the Court is directed to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Boston, Massachusetts, this 29 day of November, 2004.

_____
UNITED STATES DISTRICT JUDGE