SCANNED
DATE: 12-3-04
BY: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 12444 DPW

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
WILLIAM M. BAKER, )
LAURENCE D. COHEN, )
FRANK D. EDWARDS, )
CURTIS W. HOWES and )
MARK A. TATKOW, )
)
Defendants. )
_____)

**FINAL JUDGMENT OF PERMANENT INJUNCTION,
DISGORGEMENT AND OTHER RELIEF
AS TO DEFENDANT CURTIS W. HOWES**

Defendant Curtis W. Howes having: (i) executed the Consent to Final Judgment of Permanent Injunction, Disgorgement and Other Relief by Defendant Curtis W. Howes ("Consent") which is attached hereto and hereby incorporated by reference; (ii) entered a general appearance; (iii) consented to the Court's jurisdiction over himself and over the subject matter of this action; (iv) consented to entry of this Final Judgment of Permanent Injunction, Disgorgement and Other Relief as to Defendant Curtis W. Howes ("Final Judgment") without admitting or denying the allegations of the Complaint; (v) waived findings of fact and conclusions of law; and (vi) waived any right to appeal from this Final Judgment and any basis for objecting to enforcement of the Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Howes and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Howes and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. §240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account or by, directly or indirectly, falsifying or causing to be falsified any book, record or account of an issuer which has a class of

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)].

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Howes and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by allowing any issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l] to fail to file, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate, such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports and quarterly reports as the Commission may prescribe, including but not limited to, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], such material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Howes and his agents, servants, employees, attorneys, and those persons in active concert or

3

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§78m(b)(2)(A) and (b)(2)(B)] by allowing an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l], directly or indirectly, to fail to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer or to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that the issuer's transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Howes shall pay disgorgement of $15,000, representing profits gained as a result of the conduct alleged in the Complaint. Howes shall satisfy this obligation by paying $15,000 within twelve business days to the Clerk of this Court. The payment shall be made by money order, certified check or cashier's check made payable to the Clerk, United States District Court for the District of Massachusetts. The payment shall be mailed to the Clerk of this Court at the John Joseph Moakley Federal Courthouse, One Courthouse Way, Boston, MA 02210, with a cover letter identifying Howes, the name and number of this action, and the name of this Court. A copy of the payment and cover letter shall be mailed to the Commission's counsel in this action. By making this payment, Howes relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to him. The Clerk shall deposit the funds into an interest-bearing account with the Court Registry Investment System ("CRIS"). These funds,

together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of the Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], Howes shall pay a civil penalty in the amount of $25,000, payable in three 120 day installments. Howes shall make the first payment of $5,000 within 120 days after entry of this Final Judgment. This payment shall be followed by two 120 day installments of $10,000. The payments shall be made by money order, certified check or cashier's check made payable to the U.S. Securities and Exchange Commission. The payments shall be mailed to the Comptroller, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 1-3, Washington, DC 20549, with a cover letter identifying Howes, the name and number of this action, and the name of this Court, and copies of the payment and cover letter shall be mailed to Frank C. Huntington, Securities and Exchange Commission, 73 Tremont Street, Suite 600, Boston, MA 02108.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Howes as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, the Court finding no just reason for delay, the entry of this Judgment shall constitute a final judgment as to all of the Commission's claims against Howes in this action, and the Clerk of the Court is directed to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Boston, Massachusetts, this 29th day of November, 2004.

_____
UNITED STATES DISTRICT JUDGE