UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
SECURITIES AND EXCHANGE COMMISSION,          )
                                            )
         Plaintiff,                          )
                                            )
    v.                                       )   Civil Action No. 04-12444-DPW
                                            )
WILLIAM M. BAKER, LAURENCE D. COHEN,          )
FRANK D. EDWARDS, CURTIS W. HOWES             )
and MARK A. TATKOW,                          )
                                            )
         Defendants.                         )
_____)

## DEFENDANT WILLIAM M. BAKER'S ANSWER TO THE COMPLAINT

Defendant William M. Baker ("Baker"), through his undersigned counsel, responds to the allegations in the complaint ("Complaint"), as follows:

1. Baker admits that Robotic Vision Systems, Inc. ("Robotic") is a publicly-traded technology company that was once headquartered in Canton, Massachusetts. Baker further admits that Robotic made public filings with the plaintiff, including an amended annual report filed on or about May 21, 2001 which restated (i) for the fiscal year 2000 (ended September 30), revenue by 2.1% ($4.74 million) and net income by 11.9% ($1.45 million), and (ii) for the third fiscal quarter 2000 (ended June 30), revenue by 3.4% ($2.1 million) and net income by 8.9% ($517,000). Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

2. Baker admits that some distributors were given terms allowing them to return certain product purchased from Robotic's Acuity CiMatrix division ("ACIM"). Baker states that

he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3. Baker admits that Robotic filed a Form 10-Q quarterly report with plaintiff on or about August 12, 2000. Baker further admits that in 2000 he was the General Manager of ACIM's 2D unit, and that during Robotic's fourth fiscal quarter of 2000 (ended September 30) he sent an e-mail on or about September 2, 2000 to a distributor regarding a potential sale and that e-mail speaks for itself. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint.

4. Baker states that the allegations against defendants other than Baker do not require a response by Baker.

5. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 5 of the Complaint contains allegations against Baker, Baker denies those allegations.

6. Baker admits that plaintiff purports to seek the relief identified in paragraph 6 of the Complaint.

7. Baker admits that plaintiff purports to seek the relief identified in paragraph 7 of the Complaint.

8. Baker admits that this Court has jurisdiction over this action.

9. Baker admits the allegations in the first three sentences of paragraph 9 of the Complaint. Baker admits that at all relevant times Robotic's stock was traded on the NASDAQ National Market System and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the forth sentence of paragraph 9 of

the Complaint. The allegations in the last three sentences of paragraph 9 of the Complaint state legal conclusions to which no response is required.

10. Baker admits the allegations in paragraph 10 of the Complaint.

11. Baker admits that Laurence D. Cohen ("Cohen") held the position of Robotic Controller. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. Baker admits that Frank D. Edwards ("Edwards") held the position of Robotic CFO and that he left Robotic's employ. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13. Baker admits that Curtis W. Howes ("Howes") held the position of Acting President of the ACIM Division. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14. Baker admits that Mark A. Tatkow ("Tatkow") held the positions of Vice President of Worldwide Sales and Senior Vice President of Worldwide Sales and that he left Robotic's employ. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint.

15. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint. To the extent that the allegations in paragraph 16 of the Complaint state legal conclusions, no response is required.

LIBA/1442167.1

17. Baker states that the allegations against a defendant other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint.

18. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint.

21. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint.

22. Baker admits the allegations in the first sentence of paragraph 22 of the Complaint. Baker states that the allegations contained in the second sentence of paragraph 22 of the Complaint are directed to a defendant other than Baker and do not require a response by Baker.

23. Baker states that the allegations against a defendant other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint.

24. Baker states that the allegations against a defendant other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint.

25. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Baker admits that on or about May 31, 2000 Howes sent an e-mail to Baker and others, and states that the e-mail speaks for itself.

27. Baker admits that during 2000 Howes and Tatkow supervised a plan to arrange for three companies to act as regional distributors for the MXi product, and that prospective distributors were asked to receive 250 MXi's for a total price of $525,000. Baker further admits that distributors were told that after ninety days they could return the MXi's without penalty. Baker denies that in June 2000 he was part of ACIM's sales staff. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint.

28. Baker admits the allegations in the first sentence of paragraph 28 of the Complaint. Baker further admits that he sent a facsimile to the Western regional distributor offering the same terms made available to the other MXi distributors and that the MXi purchase order for the Western regional distributor states: "Ship 100 units out to ID Integration and 'ship in place' 150 units to be stored for ID Integration at RVSI facility until advised to ship by ID Integration." Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint.

29. Baker admits that ACIM invoiced the MXi deal with the Western regional distributor. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint.

30. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

LIBA/1442167.1

31. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Baker states that the allegations against a defendant other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

37. Baker admits that on or about July 27, 2000 Cohen sent an e-mail to Baker and others, and states that the e-mail speaks for itself.

38. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint.

39. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint.

40. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint.

41. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint.

42. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 43 of the Complaint contains allegations against Baker, Baker denies those allegations.

44. Baker admits the allegations in the first two sentences of paragraph 44 of the Complaint. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 44 of the Complaint.

45. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint.

46. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Baker admits the allegations in the first, third and fourth sentences of paragraph 47 of the Complaint, except he denies that the terms of either order included a provision deferring payment by the distributor until ninety days after sale to an end user. Baker admits he sent an e-mail on or about September 2, 2000 but he denies that the text of the e-mail is quoted

accurately in the second sentence of paragraph 47 of the Complaint; Baker states that the e-mail speaks for itself.

48. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Baker states that the allegations against defendants other than Baker do not require a response by Baker. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Complaint. Baker denies that he received a copy of a written revenue recognition policy for Robotic on or about September 28, 2000.

LIBA/1442167.1

56.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.  Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the Complaint.

57.     Baker states that the allegations against a defendant other than Baker do not require a response by Baker.  Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of the Complaint.

58.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.  Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the Complaint.

59.     Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.  Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint.

61.     Baker states that the allegations against a defendant other than Baker do not require a response by Baker.  Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the Complaint.

62.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.  Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 of the Complaint.

63.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.  Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of the Complaint.

LIBA/1442167.1

64. Baker admits the allegations in paragraph 64 of the Complaint.

65. Baker admits the allegations in paragraph 65 of the Complaint.

66. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Baker admits that on or about May 15, 2001 Robotic announced its intention to restate its financial results for the fiscal year ended September 30, 2000 and for the three month period ended December 31, 2000. Baker further admits that in an amended annual report filed on or about May 21, 2001, Robotic reduced its third quarter revenue to $61.2 million and net income to $5.3 million, which was a restatement of revenue of 3.4% ($2.1 million) and net income of 8.9% ($517,000). Baker additionally admits that in an amended annual report filed on or about May 21, 2001, Robotic reduced its annual revenue to $223.1 million, net income to $10.7 million and earnings per share to $0.25, which was a restatement of revenue of 2.1% ($4.74 million) and net income of 11.9% ($1.45 million).

70. Baker incorporates by reference in response to paragraph 70 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 69, above.

71. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 71 of the Complaint. Baker states that the allegations against a defendant other than Baker do not require a response by Baker.

72. Baker states that the allegations against a defendant other than Baker do not require a response by Baker.

73. Baker states that the allegations against a defendant other than Baker do not require a response by Baker.

74. Baker incorporates by reference in response to paragraph 74 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 73, above.

75. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 75 of the Complaint. Baker states that the allegations against a defendant other than Baker do not require a response by Baker.

76. Baker states that the allegations against a defendant other than Baker do not require a response by Baker.

77. Baker states that the allegations against a defendant other than Baker do not require a response by Baker.

78. Baker incorporates by reference in response to paragraph 78 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 77, above.

79. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80. Baker admits the allegations in the first sentence of paragraph 80 of the Complaint. Baker states that the remaining allegations of paragraph 80 of the Complaint are directed to a defendant other than Baker, and thus do not require a response by Baker.

LIBA/1442167.1

81. Baker admits the allegations in the first sentence of paragraph 81 of the Complaint. Baker states that the remaining allegations of paragraph 81 of the Complaint are directed to a defendant other than Baker, and thus do not require a response by Baker.

82. Baker admits the allegations in the first two sentences of paragraph 82 of the Complaint. Baker admits that he sent an e-mail on or about September 2, 2000 and that e-mail speaks for itself.

83. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 83 of the Complaint contains allegations against Baker, Baker denies those allegations.

84. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 84 of the Complaint contains allegations against Baker, Baker denies those allegations.

85. Baker incorporates by reference in response to paragraph 85 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 84, above.

86. Baker admits that Edwards was the Robotic CFO. Baker states that the remaining allegations of paragraph 86 of the Complaint are directed to defendants other than Baker, and thus do not require a response by Baker.

87. Baker admits that Cohen was the Robotic Controller. Baker states that the remaining allegations of paragraph 87 of the Complaint are directed to defendants other than Baker, and thus do not require a response by Baker.

88. Baker admits that Howes was ACIM's Acting President. Baker states that the remaining allegations of paragraph 88 of the Complaint are directed to defendants other than Baker, and thus do not require a response by Baker.

89.     Baker admits that Tatkow was ACIM's Senior Vice President of Worldwide Sales.  Baker states that the remaining allegations of paragraph 89 of the Complaint are directed to a defendant other than Baker, and thus do not require a response by Baker.

90.     Baker admits the allegations in the first two sentences of paragraph 90 of the Complaint.  Baker admits that he sent an e-mail on or about September 2, 2000 and that e-mail speaks for itself.

91.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.  To the extent paragraph 91 of the Complaint contains allegations against Baker, Baker denies those allegations.

92.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.  To the extent paragraph 92 of the Complaint contains allegations against Baker, Baker denies those allegations.

93.     Baker incorporates by reference in response to paragraph 93 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 92, above.

94.     Baker admits that Edwards was the Robotic CFO and Cohen was the Robotic Controller.  Baker states that the remaining allegations of paragraph 94 of the Complaint are directed to defendants other than Baker, and thus do not require a response by Baker.

95.     Baker admits that Tatkow was ACIM's Senior Vice President of Worldwide Sales.  Baker states that the remaining allegations of paragraph 95 of the Complaint are directed to a defendant other than Baker, and thus do not require a response by Baker.

96.     Baker states that the allegations against defendants other than Baker do not require a response by Baker.

LIBA/1442167.1

97. Baker states that the allegations against defendants other than Baker do not require a response by Baker.

98. Baker incorporates by reference in response to paragraph 98 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 97, above.

99. The allegations in paragraph 99 of the Complaint state legal conclusions to which no response is required.

100. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 101 of the Complaint contains allegations against Baker, Baker denies those allegations.

102. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 102 of the Complaint contains allegations against Baker, Baker denies those allegations.

103. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 103 of the Complaint contains allegations against Baker, Baker denies those allegations.

104. Baker incorporates by reference in response to paragraph 104 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 103, above.

105. The allegations in paragraph 105 of the Complaint state legal conclusions to which no response is required.

106. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 107 of the Complaint contains allegations against Baker, Baker denies those allegations.

108. Baker states that the allegations against defendants other than Baker do not require a response by Baker. To the extent paragraph 108 of the Complaint contains allegations against Baker, Baker denies those allegations.

109. Baker incorporates by reference in response to paragraph 109 of the Complaint the admissions, denials and statements set forth in paragraphs 1 through 108, above.

110. The allegations in paragraph 110 of the Complaint state legal conclusions to which no response is required.

111. Baker states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112. Baker states that the allegations against defendants other than Baker do not require a response by Baker.

113. Baker states that the allegations against defendants other than Baker do not require a response by Baker.

114. Baker states that the allegations against defendants other than Baker do not require a response by Baker.

Baker states that no responsive pleading is required in response to plaintiff's prayer for relief.

As his affirmative defenses to all causes of action purportedly brought against it in the Complaint, Baker alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

115. Plaintiffs claims are barred due to the lack of materiality of any alleged misstatement or action on the part of Baker.

## SECOND AFFIRMATIVE DEFENSE

116. Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, William M. Baker prays for judgment dismissing the Complaint with prejudice and awarding such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Baker demands a trial by jury as to all issues so triable.

Respectfully submitted,

 /s/ James O. Fleckner_____
James S. Dittmar, P.C. (BBO #126320)
James O. Fleckner (BBO #641494)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
617-570-1000
**Attorneys for Defendant William M. Baker**

Dated: January 7, 2005

LIBA/1442167.1