UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>WILLIAM M. BAKER,<br>LAURENCE D. COHEN,<br>FRANK D. EDWARDS,<br>CURTIS W. HOWES and<br>MARK A. TATKOW, )<br><br>Defendants. ) | Civil Action No. 04-12444-DPW |

### FINAL JUDGMENT OF PERMANENT INJUNCTION
### AND OTHER RELIEF
### AS TO DEFENDANT WILLIAM M. BAKER

Defendant William M. Baker having: (a) executed the Consent to Final Judgment of

Permanent Injunction and Other Relief by Defendant William M. Baker ("Consent") which is

attached hereto and hereby incorporated by reference; (b) entered a general appearance; (c)

consented to the Court's jurisdiction over himself and over the subject matter of this action; (d)

consented to entry of this Final Judgment of Permanent Injunction and Other Relief as to

Defendant William M. Baker ("Final Judgment") without admitting or denying the allegations of

the Complaint; (e) waived findings of fact and conclusions of law; and (f) waived any right to

appeal from this Final Judgment and any basis for objecting to enforcement of the Final

Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Baker and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Baker and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. §240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account or by, directly or indirectly, falsifying or causing to be falsified any book, record or account of an issuer which has a class of

2

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)].

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Baker and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by allowing any issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l] to fail to file, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate, such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports and quarterly reports as the Commission may prescribe, including but not limited to, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], such material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Baker and his agents, servants, employees, attorneys, and those persons in active concert or

3

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §78m(b)(2)(A)] by allowing an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l], directly or indirectly, to fail to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], Baker shall pay a civil penalty in the amount of $20,000, payable in four installments. Baker shall make the first payment of $5,000 within 10 days after entry of this Final Judgment. This payment shall be followed by three additional payments of $5,000 each: the first shall be due within 180 days after entry of this Final Judgment, the second shall be due within 270 days after entry of this Final Judgment, and the third shall be due within 360 days after entry of this Final Judgment. The payments shall be made by money order, certified check or cashier's check made payable to the U.S. Securities and Exchange Commission. The payments shall be mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312, with a cover letter identifying Baker, the name and number of this action, and the name of this Court, and copies of the payment and cover letter shall be mailed to counsel of record for the Commission.

4

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this

Court shall retain jurisdiction over Baker as a party to this matter for all purposes, including the

implementation and enforcement of this Final Judgment.


      **DONE AND ORDERED** at Boston, Massachusetts, this \_\_\_\_ day of _____,

2005.

                           _____

                           UNITED STATES DISTRICT JUDGE