UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
v. ) Civil Action No. 04-12444-DPW
)
WILLIAM M. BAKER, )
LAURENCE D. COHEN, )
FRANK D. EDWARDS, )
CURTIS W. HOWES and )
MARK A. TATKOW, )
)
Defendants. )
)

---

**PLAINTIFF'S MOTION FOR TRANSFER OF**
**DISGORGED FUNDS TO U.S. TREASURY**

Plaintiff Securities and Exchange Commission ("Commission") hereby moves that the Court order that the funds which defendants Curtis Howes and Mark Tatkow paid to satisfy their disgorgement obligations shall be transferred to the United States Treasury. A proposed form of Order for Transfer of Disgorged Funds to U.S. Treasury is submitted herewith.

**BACKGROUND**

On November 29, 2004, by consent, the Court entered a Final Judgment of Permanent Injunction, Disgorgement and Other Relief against Howes and Tatkow. Paragraph V of the Final Judgment against Howes required him to pay the sum of $15,000 in disgorgement. Paragraph VI of the Final Judgment against Tatkow required him to pay the sum of $10,000 in disgorgement.

Howes and Tatkow satisfied their disgorgement obligations by paying a total of $25,000 to the Registry of this Court. The funds are currently being held in an interest-bearing account, and the Commission is informed that the present balance at the Registry is slightly more than $25,500. The Commission now asks the Court to order that the disgorged funds, plus any accrued interest thereon and less any administrative fee, be paid to the United States Treasury.

## THE APPLICABLE LAW

The primary purpose of disgorgement is to prevent a defendant's unjust enrichment, not to compensate investors. *See* SEC v. Wang, 944 F.2d 80, 85, 88 (2nd Cir. 1991); SEC v. Tome, 833 F.2d 1086, 1096 (2nd Cir. 1987); SEC v. Commonwealth Chemical Securities, Inc., 574 F.2d 90, 102 (2nd Cir. 1978). For that reason, courts have accorded the Commission wide discretion and deference in how to distribute disgorged funds. *See* SEC v. Wang, 944 F.2d at 88 (distribution decisions are "appropriately left to the experience and expertise of the SEC in the first instance").

It is not always required that disgorged funds be returned to the private investors who were damaged by the defendant's activity. *See* SEC v. Lorin, 869 F.Supp. 1117, 1129 (S.D.N.Y. 1994). In fact, "where numerous victims suffered relatively small amounts thereby making distribution of the disgorged proceeds to them impractical," it is appropriate to distribute the funds at issue to the United States Treasury. *Id.*; s*ee also* SEC v. Dimensional Entertainment Corp., 1996 WL 107290, *2-4 (S.D.N.Y. Mar. 12, 1996) (ordering payment of disgorged funds to the Treasury where distribution to 438 victims was "impractical and the amounts to which the victims would be entitled are relatively small").

## REASONS FOR THE PROPOSED TRANSFER
## TO THE U.S. TREASURY

The Commission's claims in this action concerned material misrepresentations in public filings with the Commission by Robotic Vision Systems, Inc. ("Robotic") for the third fiscal quarter of 2000 (ended June 30, 2000) and for the fiscal year 2000 (ended September 30, 2000). The misrepresentations involved overstatements of Robotic's revenue, and the sum of $25,000 paid by Howes and Tatkow represents performance bonuses which they received on the basis of the materially overstated revenue.

During the relevant period, Robotic common stock was publicly traded on the NASDAQ National Market System. As of September 30, 2000, the number of shares outstanding was 35,273,608, and the market value of those shares was more than $103 million. For this reason, it would be virtually impossible to identify all the persons who bought and sold Robotic stock during the relevant period (and thus were potentially injured by the conduct alleged in the Complaint), without incurring significant administrative costs. Furthermore, even if each purchaser of Robotic stock during the relevant period could be identified, the amount that each purchaser would receive out of the disgorgement amount paid by Howes and Tatkow would be negligible.

Accordingly, the Commission proposes that the monies paid by Howes and Tatkow as disgorgement should be transferred to the U.S. Treasury. As discussed above, payment of disgorged funds to the Treasury is appropriate when it would be unduly burdensome to identify all the affected investors or when the small amount to be distributed to each investor would make the distribution impractical or unduly expensive. *See* SEC v. Lorin, 869 F.Supp. at 1129; SEC v.

Dimensional Entertainment, 1996 WL 107290 at *2-4.

## CONCLUSION

For the reasons set forth above, the Commission requests that the Court enter an order, in the form submitted herewith, that the disgorged funds, plus any interest accrued thereon and less any administrative expenses, be paid to the United States Treasury.

Respectfully submitted,

_____
Frank Huntington (Mass. Bar No. 544045)
Senior Trial Counsel

Asita Obeyesekere (D.C. Bar No. 451637)
Senior Enforcement Counsel

**SECURITIES AND EXCHANGE COMMISSION**
73 Tremont Street, 6th Floor
Boston, MA 02108
(617) 424-5900 ext. 201 (Huntington)

Dated: January 24, 2006

## CERTIFICATE OF SERVICE

    I, Frank C. Huntington, certify that on January 24, 2006, a copy of the foregoing Plaintiff's Motion for Transfer of Disgorged Funds to U.S. Treasury was sent by first-class mail to counsel of record for the defendant Howes (no appearance was filed for defendant Tatkow):

    William H. Paine, Esq.
    Wilmer Cutler Pickering Hale & Dorr LLP
    60 State Street
    Boston, MA  02109


_____
Frank C. Huntington

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

WILLIAM M. BAKER,
LAURENCE D. COHEN,
FRANK D. EDWARDS,
CURTIS W. HOWES and
MARK A. TATKOW,

        Defendants.

Civil Action No. 04-12444-DPW

## ORDER FOR PAYMENT OF
## DISGORGED FUNDS TO U.S. TREASURY

The Court having entered a Final Judgment of Permanent Injunction, Disgorgement and Other Relief ("Final Judgment") as to defendant Curtis Howes and as to defendant Mark Tatkow, defendants Howes and Tatkow having satisfied their disgorgement obligations under the Final Judgments by making payments in the total amount of $25,000 to the Registry of this Court, and plaintiff Securities and Exchange Commission ("Commission") having moved that the Court order the disgorged funds to be transferred to the United States Treasury,

**IT IS HEREBY ORDERED** that the Clerk of Court, after adding the interest which has accrued to date on the $25,000 paid by Howes and Tatkow and after deducting any applicable administrative fee which the Court imposes upon funds held by the Registry of Court in interest-bearing accounts, shall forthwith transfer the balance at the Registry by mailing a check payable

to the United States Treasury, together with a cover letter identifying the name and civil action number of this matter, to the following address:

>Office of Financial Management
>U.S. Securities and Exchange Commission
>Operations Center
>6432 General Green Way, Mail Stop 0-3
>Alexandria, VA 22312

The Clerk of Court shall also send a copy of the cover letter to counsel of record for the Commission at the following address:

>Frank C. Huntington, Esq
>U.S. Securities and Exchange Commission
>Boston District Office
>73 Tremont Street, 6th Floor
>Boston, MA 02108

DONE AND ORDERED at Boston, Massachusetts, this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE